UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RICHARD L. BROWN,

    Plaintiff,

    v.      CAUSE NO. 3:19-CV-576-JD-MGG

SHERIFF RICHWINE, et al.,

    Defendants.

OPINION AND ORDER

Richard L. Brown, a prisoner without a lawyer, filed a complaint (ECF 2) against Pulaski County Sheriff Richwine, Pulaski County Jail CO Steve Tabler, Wexford Medical Services, and the Indiana Department of Correction alleging that he received constitutionally inadequate medical care for a toe injury while in their custody. He seeks compensatory and punitive damages. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In the fall of 2017, while housed at the Pulaski County Jail, one of Brown's toe nails tore off in his wool blanket. He submitted a healthcare request asking to see a nurse. It took two weeks before a nurse saw him, and during that time, he could not

obtain a bandage, and his toe continued to bleed and seep. When he did see the nurse, she was reluctant to bandage the wound, charged him $15.00, and told him to order soap from commissary.[1] His toe became infected and he continued to file healthcare requests almost daily, but he received no response. The nurse directed him to buy his own medicine.[2] He complained to Steve Tabler, but his complaints went unanswered. Family members called Sheriff Richwine and this helped, although Brown does not explain how his care changed. Brown remained in pain, and his foot was still bleeding and emitting puss.

Several months after the initial injury, in February of 2018, Brown's socks were soaked in blood from the wound. He showed this to both the nurse and Steve Tabler, but he still did not receive a bandage.

Finally, on April 25, 2018, Brown saw a doctor and received a fourteen-day course of antibiotics. The antibiotics, however, did not help. In May of 2018, his personal physician arranged for him to be seen, and he ended up having an emergency surgery to remove part of his foot. He was hospitalized for three days.

Shortly after his surgery, Brown was transferred to the Reception and Diagnostic Center. His foot became infected within a week of his transfer. Dr. Jackson and Dr. Liuw did not manage his infection adequately, and he spent over seven months in the

---

[1] The Constitution does not require free medical care. *Poole v. Isaacs*, 703 F.3d 1024, 1027 (7th Cir. 2012). The ledger submitted to the court with Brown's *in forma pauperis* petition (ECF 3) does not suggest that he was unable to pay the $15.00 or unable to afford to purchase soap from commissary. To the extent that Brown is alleging that the nurse visit and soap were not provided free of charge, he cannot state a claim.

[2] Again, Brown is not entitled to free medication. *See Poole*, 703 F.3d at 1027.

2

infirmary with his foot infection. By December of 2018, Brown indicates he was "near death, unable to eat, and in a horrible state of mind and in constant pain." (ECF 2 at 8.) He was hospitalized with sepsis on January 4, 2019. Brown indicates that Dr. Jackson admitted that he "missed something." (*Id.*)

As an initial matter, Brown has sued the IDOC, but the IDOC is a State agency and is immune from suit pursuant to the Eleventh Amendment. *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001). There are three exceptions to Eleventh Amendment immunity: (1) suits directly against the State based on a cause of action where Congress has abrogated the state's immunity from suit; (2) suits directly against the State if the State waived its sovereign immunity; and (3) suits against a State official seeking prospective equitable relief for ongoing violations of federal law. *MCI Telecommunications Corp. v. Ill. Commerce Comm'n*, 183 F.3d 558, 563 (7th Cir. 1999). None of these exceptions apply here, so Brown cannot state a claim against the IDOC.

Brown has also sued Wexford Medical Services, but there is no general *respondeat superior* liability under 42 U.S.C. § 1983. *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001); *see also Johnson v. Dossey*, 515 F.3d 778, 782 (7th Cir. 2008) ("[A] private corporation is not vicariously liable under § 1983 for its employees' deprivations of others' civil rights."). Because Brown's allegations against Wexford appears to be based only on the poor decisions that its staff made in connection with his care, he cannot proceed against Wexford.

Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).[3] To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). On the subjective prong, the plaintiff must establish that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). However, "[n]egligence on the part of an official does not violate the Constitution, and it is not enough that he or she should have known of a risk. Instead, deliberate indifference requires evidence that an official actually knew of a substantial risk of serious harm and consciously disregarded it nonetheless." *Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004) (citations omitted). It is not enough to show that a defendant merely failed to act reasonably. *Gibbs v. Franklin*, 49 F.3d 1206, 1208 (7th Cir.

---

[3] Brown also asserts that the defendants violated the IDOC's policy requiring that it provide "competent health care" to offenders. (ECF 2 at 8.) "However, 42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or . . . departmental regulations[.]" *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003). Accordingly, an allegation that the IDOC's policy was violated does not state a claim.

4

1995). Even incompetence does not state a claim of deliberate indifference. *Minix v. Canarecci*, 597 F.3d 824, 831-32 (7th Cir. 2010). A delay in providing treatment can constitute deliberate indifference when it causes unnecessary pain or suffering. *See Arnett v. Webster*, 658 F.3d 742, 752-53 (7th Cir. 2011); *Grieveson v. Anderson*, 538 F.3d 763, 779 (7th Cir. 2008).

As to Sheriff Richwine, Brown alleges only that family members called him and that those calls "helped a little" although they did not result in better long-term care or even bandages. But, it is unclear what Sheriff Richwine knew about Brown's condition, and there are no allegations contained in the complaint from which it can be plausibly inferred that Sheriff Richwine acted with deliberate indifference to Brown's suffering. Thus, he cannot proceed against Sheriff Richwine.

As to CO Tabler, Brown indicates that he complained to Tabler but his complaints went unanswered. He does not indicate what he told Tabler, how he communicated with Tabler, or even that Brown's complaints were received by Tabler. Additionally, he alleges that, on one occasion in February of 2018, he showed his bloody sock to Tabler, but – again - it is not clear what he said to Tabler or what Tabler said to him. In short, there are no facts from which it can be concluded that Tabler acted with deliberate indifference to Brown's serious medical needs.

Brown's complaint does not state a claim. Nevertheless, he may file an amended complaint. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013); *Loubser v. Thacker*, 440 F.3d 439, 443 (7th Cir. 2006). In the amended complaint, Brown should explain in his own words what happened, when it happened, where it happened, who was involved,

5

and how he was personally injured by the conditions he describes, providing as much detail as possible. Brown should keep in mind that "public employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009).

For these reasons, the court:

(1) DIRECTS the clerk to place this cause number on a blank Prisoner Complaint form (INND Rev. 8/16) and send it to Richard L. Brown;

(2) GRANTS Richard L. Brown until **November 21, 2019**, to file an amended complaint on that form; and

(3) CAUTIONS Richard L. Brown that, if he does not respond by that deadline, this case will be dismissed without further notice pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim.

SO ORDERED on October 23, 2019

                                              /s/ JON E. DEGUILIO
                                              JUDGE
                                              UNITED STATES DISTRICT COURT